IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| COTENA HILL § | | |
| on behalf of § | | |
| J.R.W., a minor child § | | |
| § | | |
| V. § | | CASE NO. 4:12CV599 |
| § | | |
| COMMISSIONER OF SOCIAL § | | |
| SECURITY ADMINISTRATION § | | |

**MEMORANDUM OPINION AND ORDER OF**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

The Plaintiff, on behalf of J.R.W., her child, brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

**HISTORY OF THE CASE**

Plaintiff applied for her child, J.R.W.'s SSI benefits in February 2006, resulting in a finding that J.R.W. was disabled due to low birth weight (Tr. 50). J.R.W. was approximately one month old at the time Plaintiff applied for benefits on his behalf (Tr. 50). Pursuant to a continuing disability review, the agency found that J.R.W.'s disability had ceased as of December 2009, due to improvement in J.R.W.'s medical condition (Tr. 53-58). Plaintiff sought reconsideration of this determination, and a Disability Hearing Officer conducted a hearing on June 7, 2011 (Tr. 59-71). On June 10, 2011, the Disability Hearing Officer issued a decision affirming the cessation of J.R.W.'s disability (Tr. 72-81). Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on October 3, 2011, before ALJ Osly F. Deramus (Tr. 33-49, 85).

1

Both Plaintiff and J.R.W. appeared and testified (Tr. 34). After considering the evidence of record, the ALJ issued a decision dated January 10, 2012, finding that J.R.W.'s disability had ceased as of December 3, 2009 (Tr. 14-28). Upon the Appeals Council's denial of Plaintiff's request for review on June 15, 2012, the ALJ's decision became the Commissioner's final administrative decision (Tr. 4-6). Plaintiff now seeks judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The most recent favorable medical decision finding that the claimant was disabled is the determination dated February 22, 2006. This is known as the "comparison point decision" or CPD.

2. At the time of the CPD, the claimant had the following medically determinable impairments: premature infant weighing 490 grams at birth. This impairment was found to functionally equal the listings. 20 C.F.R. §§ 419.924(d), 416.926(a).

3. Medical improvement occurred as of October 22, 2009. 20 C.F.R. § 416.994a(c).

4. The claimant was born on January 13, 2006. Therefore, he was a preschooler, as of October 22, 2009. The claimant is currently a preschooler. 20 C.F.R. § 416.926a(g)(2).

5. Since October 22, 2009, the impairments that the claimant had at the time of the CPD have not functionally equaled the Listings of Impairments. 20 C.F.R. §§ 419.994a(b)2, 419.926(a) and SSR 05-03p.

6. Since October 22, 2009, the claimant has had the following severe impairments: asthma and speech articulation impairment secondary to prematurity. 20 C.F.R. § 416.924(c).

7. Since October 22, 2009, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20

C.F.R. §§ 416.925, 416.926.

    8.      Since October 22, 2009, the claimant has not had an impairment or
            combination of impairments that functionally equals the listings. 20
            C.F.R. §§ 416.924(d), 416.926a.

    9.      The claimant's disability ended as of December 3, 2009, and the claimant
            has not become disabled again since that date. 20 C.F.R. § 416.994a.

(Tr. 17-28).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The Commissioner periodically reviews entitlement to disability benefits, with the primary consideration being "whether there has been medical improvement in your impairment(s)." 20

C.F.R. § 416.994a(a)(1) (defining medical improvement as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable decision that you were disabled or continued to be disabled." 20 C.F.R. § 416.924a(c)). If medical improvement is present, the next question is "whether the impairment(s) that we considered at the time of our most recent favorable determination or decision still meets or equals the severity of the listed impairment it met or equaled at that time." *Id.* at § 416.994a(a)(2). If the claimant's previously disabling impairment no longer meets or equals a listed impairment, the finder of fact determines whether *all* of the claimant's impairments are currently disabling, including any impairments that were not present at the time of the prior disability determination. *Id.* at § 416.994a(a)(3). The determination of current disability applies the same sequential steps used for initial child's disability determinations, as described below. *Id.* at § 416.994a(a)(3)(I)-(iii).

## **EVALUATION PROCESS**.

A child will be found disabled under this standard if his impairments meet, medically equal, or functionally equal an impairment in the Listing of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1. *See* 20 C.F.R. § 416.924(a),(d). If the child does not meet the specific criteria of a listed impairment, the finder of fact performs a functional equivalence analysis to determine whether the child's impairments are functionally equivalent to a listed impairment. *Id.* at § 416.926a(a). The functional equivalence evaluation requires findings in six functional domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical wellbeing. *Id.* at § 416.926a(b)(1). A limitation is "marked" when it "interferes seriously with your ability to independently initiate, sustain, or complete activities and is also defined as a limitation that is "more than moderate" but "less than extreme." *Id.* A limitation is "extreme" when it "interferes

4

very seriously with your ability to independently initiate, sustain, or complete activities." *Id.* at § 416.926a(e)(3). "Extreme" is the rating given to the worst limitations. *Id.* If a child has "marked" limitations in two domains, or an "extreme" limitation in one domain, he will be considered to have an impairment of "listing level severity." *Id.* at § 416.926a(d).

## ANALYSIS

Plaintiff has filed this brief *pro se* on behalf of her child. Because Ms. Hill is a *pro se* litigant, the Court liberally construes her brief and applies less stringent standards in interpreting her arguments than the Court would in the case of a counseled party. *Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir. 1995). Ms. Hill disagrees with the ALJ's findings stating that her son is still impaired as to nutrition, was held back in kindergarten, struggles to complete tasks on his own, and does not play with children his age. She also mentions that he has been taken out of school and was homebound for an unspecified period of time and suffers from acid reflux. His main problem appears to be his lung function. She has also submitted a list of medications that he takes, most of which deal with his asthma and lung function. The Court acknowledges, as did the ALJ, that J.R.W. has health issues. However, the inquiry before the Court is whether such issues warrant a finding of disability.

At the hearing before the ALJ, Ms. Hill testified that J.R.W. suffered from chronic lung problems. At the hearing, Ms. Hill also identified the medications her son was taking. She identified only three medications, again primarily for his lung condition. The ALJ noted in his report that the records did not demonstrate the degree and limitations imposed on J.R.W. by asthma as testified to by his mother. Most of the information that Plaintiff sets forth in her brief was considered by the ALJ. To the extent there is new information, the Court is bound by jurisprudence and cannot consider such information. *See Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991).

5

The ALJ did a thorough review of the record and the medical records on J.R.W. The burden of establishing that functional impairments are present during a relevant time period is on Plaintiff; and there is no burden on the Commissioner to prove the absence of a claimant's alleged impairments. *Wren v. Sullivan*, 925 F.2d 123,128 (5th Cir. 1991). The ALJ took testimony from J.R.W. as well as Ms. Hill. The ALJ's credibility determinations are entitled to judicial deference. *See McGowan v. Astrue*, 2009 WL 2614487, 4 (N.D. Tex. 2009). The ALJ recognized that J.R.W. had severe impairments as to asthma and speech articulation secondary to prematurity, but the ALJ found that these impairments did not equal a listing.

The state agency examiners determined that his ability to acquire and use information was above average (Tr. 274). His interaction with others was less than marked. *Id*. The only marked limitation was physical well-being. The examiners noted his articulation problems but also noted that his heath had improved (Tr. 275). The most recent medical records on J.R.W. support the ALJ's conclusions. The Court finds no reversible error and further finds that the decision is supported by substantial evidence.

Pursuant to the foregoing, the decision of the Administrative Law Judge is **AFFIRMED.**

**SO ORDERED.**

**SIGNED this 19th day of March, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE